## BAKER v. SANDERS.

(Circuit Court, E. D. Pennsylvania. November 16, 1899.)

### No. 16.

TRADE-NAMES—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

    Where a decree has been entered by a circuit court in one circuit enjoining unfair competition by the use of labels similar to complainant's, a preliminary injunction to the same effect will be granted by a circuit court of another circuit in a suit by the same complainant against a different defendant, who is handling the same goods, but the nature of whose relations to the defendant in the former suit do not sufficiently appear to show whether he is bound by the decree therein.

This is a suit in equity to enjoin unfair competition in trade. On motion for preliminary injunction.

O. P. Bright and Walton Pennewill, for complainant.

J. G. Johnson, for respondent.

McPHERSON, District Judge. If the defendant is merely the agent of William H. Baker, of Syracuse, N. Y., the complainant's rights could be fully protected by asking Judge Coxe of the circuit court of the United States for the Northern district of New York to enforce the decree entered on October 10th, but, as the true character of the relation between William H. Baker and the defendant may admit of doubt, since the defendant may be a partner, and not merely the agent, of Baker, and therefore may not be embraced within the terms of the decree, I think a similar order should be made in the case now before the court. It is therefore ordered, adjudged, and decreed that the defendant, James Elwood Sanders, his servants, agents, employés, and clerks, be restrained from using the words "W. H. Baker" or "Wm. H. Baker is distinct from the old Chocolate Manufactory of Walter Baker & Company" in the business of making and selling chocolate and cocoa preparations, on labels, wrappers, boxes, cans, cakes, molds, signs, letter and bill heads, advertisements, or in any other manner whatsoever; and be further restrained and enjoined from using the name of "W. H. Baker" or "Wm. H. Baker" in connection with said business, on labels, wrappers, boxes, cans, cakes, molds, signs, letter and bill heads, advertisements, or in any other manner whatsoever.

But this injunction shall not operate to restrain and enjoin the defendant, his servants, agents, employés, and clerks, from using the name of "William H. Baker" in connection with said business on labels, etc., when the name is printed or written with the Christian name in full, and with the initials "W. H. B." in larger type than the other letters, thus, "William H. Baker," and in connection with the name "Syracuse," which shall be printed or written in each instance substantially the same as the name "William H.

Baker," with the letters of the entire name "Syracuse" as large as the said initials, or with the S as large as the initials of the name, and the balance of the letters in the word "Syracuse" in the same size as the smaller letters in the name "William H. Baker."